UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD MAROSZ, | : | |
|    Petitioner, | : | CIVIL CASE NUMBER: |
| | : | |
|    v. | : | 3:15-cv-891 (VLB) |
| | : | |
| CAPTAIN S. SPAULDING, | : | November 17, 2015 |
|    Respondent. | : | |

**MEMORANDUM OF DECISION DISMISSING HABEAS CORPUS PETITION**

Edward Marosz, pro se and incarcerated at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania, challenges a detainer lodged against him by the State of Connecticut. ECF No. 1. Marosz invokes 28 U.S.C. § 2241. *Id.* The Court thereafter informed him that his petition would be construed as filed pursuant to Section 2254 and directed him to explain why the so-construed petition should not be dismissed as barred by AEDPA's one-year limitations period or for failure to exhaust state court remedies. ECF No. 8 (Order). Marosz now argues that he properly filed his petition pursuant to Section 2241 because he is serving a federal sentence. ECF No. 11 (Response). That argument lacks merit.

Section 2241 may be used to challenge the execution of a federal sentence. *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."). A prisoner challenging the execution of his state sentence is properly brought pursuant to 28 U.S.C. § 2254, which expressly

addresses "a person in custody pursuant to the judgment of a State court." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (holding that a prisoner must use § 2254 to challenge the execution of state sentence). A challenge to a state detainer constitutes a challenge to the execution of a state sentence and is therefore properly raised pursuant to Section 2254. *See, e.g.*, *Jones v. Deboo*, 2012 WL 2396367, at *2 (N.D.W. Va. June 25, 2012) ("Where the petitioner challenges the validity of another jurisdiction's detainer, rather than its impact on his present confinement, the proper vehicle for such a claim is 28 U.S.C. § 2254."); *Manns v. Martinez*, 2008 WL 5104809, at *1 (D. Conn. Dec. 1, 2008) (same); *Roberts v. Pennsylvania Bd. of Prob. & Parole*, 2009 WL 1351674, at *2 (D.N.J. May 12, 2009) (same). Accordingly, the Court construes the challenge as being asserted pursuant to Section 2254.[1]

Marosz also argues that he properly exhausted his claims because he filed a motion in Connecticut Superior Court seeking "to revok[e] or modify[ ] probation or supervised release" and attaches a copy of an undated state court motion. ECF No. 11 (Response) at 10–13. Marosz subsequently submitted copies of a sentence modification application dated July 2015 and a letter from the Office

---

[1] A federal court ordinarily must employ special procedures before engaging in such a construction, but *Adams* notice is not required here because the Court dismisses the so-construed petition *without* prejudice. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) (permitting courts to construe, without notice, § 2241 petitions as made pursuant to § 2255 when successive rules inapplicable).

of the State's Attorney indicating its opposition to the sentence motion application.  ECF No. 12 (Letter) at 5, 9.

Section 2254 petitioners must first exhaust their state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A).  A constitutional claim is not exhausted until it has been "fairly presented" in state court.  *Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  A claim is fairly presented if the highest state court was appraised of both the factual and legal bases for the claim, such that "the nature of the claim" was likely to "alert the court to the claim's federal nature."  *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quotation marks omitted).   A claim remains unexhausted, rather than procedurally defaulted, if the petitioner can still raise his claim in state court.  See *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

Marosz's so-construed Section 2254 petition is unexhausted because his filings indicate that he remains in the process of challenging the detainer in state court.  Dismissal without prejudice is required here because Marosz has not demonstrated that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  Accordingly, the Court DISMISSES WITHOUT PREJUDICE the so-construed Section 2254 petition as unexhausted.  The Court also DENIES a certificate of appealability because jurists of reason would not find this Court's procedural ruling debatable.  *See Slack v.*

*McDaniel*, 529 U.S. 473 (2000).  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith.

IT IS SO ORDERED.

             _____/s/_____
             **Vanessa L. Bryant**
             **United States District Judge**

Dated at Hartford, Connecticut: November 17, 2015